UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JERRY SERGENT,

               Plaintiff,

                                              ***CLASS ACTION***
        *-against-*                            ***COMPLAINT***

PROFESSIONAL RECOVERY SERVICE, INC.,       08 CV 5906 (RMB)

               Defendant.

------------------------------------------------------------------X

       Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his complaint

against the Defendant, Professional Recovery Service, Inc., alleges as follows:

## INTRODUCTION

1.     This is an action for damages brought by an individual consumer and on behalf of a class

       for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et*

       *seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and

       unfair practices.

## PARTIES

2.     Plaintiff is a natural person residing in Williston, North Dakota.

3.     Upon information and belief, defendant is a debt collector as defined pursuant to 15

       U.S.C. § 1692a(6) with its principal place of business in Voorhees, New Jersey.

## JURISDICTION

4.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. §

       1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(c) et seq., as the

       defendant conducts a business, the nature of which subjects the corporation to

       jurisdiction in this district and the transactions that give rise to this action occurred, in

       substantial part, in this district and it is plaintiff's choice of forum.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE CLASS**

5.    Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6.    That a personal debt was allegedly incurred by the plaintiff to Sears and subsequently purchases by Resurgent Capital Services.

7.    That at a time unknown to the plaintiff herein, the aforementioned debt was referred and or assigned to the defendant for collection.

8.    The defendant sent a first collection letter to the plaintiff dated April 17, 2008 captioned "**IMPORTANT COLLECTION NOTICE**". A copy is attached hereto and made part hereof.

9.    Plaintiff received said letter.

10.    That said letter fails to accurately identify the name of the creditor and states as follows:
        Please be advised that the account listed above has been referred to us by the
        above creditor..."

11.    That there is no creditor named above but the letter does state the "client" as Resurgent Capital Services.

12.    That said letter contains a validation notice which advises the consumer of his right to dispute the debt for thirty (30) days and advises the plaintiff that "Should you contact us in writing for verification of this debt, we will cease further collection activity until we provide you with the verification."

13.    That on or about April 19, 2008, two days later, in a different form, Defendant sent another dunning letter to the plaintiff. A copy is attached hereto and made part hereof.

14.    Plaintiff received said letter.

15.    That said letter appears to offer a reduced settlement on the alleged debt, but deceptively instructs the consumer to accept the settlement and send payment by April 30, 2008, within the thirty (30) day dispute period, in an effort to overshadow and confuse the consumer as to his right to dispute the debt for 30 days.

16.    Said letter identifies the creditor as "Resurgent Capital Services/Sears."

17.    That on or about April 24, 2008, the Plaintiff disputed the debt in writing to the
Defendant via certified mail, and requested verification of the debt as per his rights and
as instructed in the Defendant's initial communication. A copy with proof of mailing is
attached hereto and made part hereof.

18.    That despite plaintiff's valid dispute of the claim, defendant and its agents persisted in
harassing the plaintiff consumer, ignoring his dispute and demanding payment of the debt
on a continuous basis, by mail and telephone, and contradicting her rights under the
FDCPA

19.    That on or about May 19, 2008, the Defendant sent another dunning notice to the
Plaintiff stating, "**IMPORTANT COLLECTION NOTICE**," identifying the creditor
as Resurgent Capital Services and demanding contact on the deceptive premise of "an
offer" that Defendant is "authorized to extend" but not "obligated to renew". A copy is
attached hereto and made part hereof.

20.    That said language is false and deceptive and contains representations which are intended
to mislead and deceive the consumer in attempt to coerce payment and on non-verified
debt.

21.    That upon information and belief, defendant regularly refuses to provide verification of
disputed debts and persists with collection efforts by means of continuous telephone calls
and dunning notices and/or referring disputed claims to other agencies for collection and
disputed debts.

22.    That on or about May 24, 2008, Plaintiff sent another dispute letter to the Defendant. A
copy is attached hereto and made part hereof.

23.    That during the period above referenced and while the Defendant knew or should have
known that the debt was in dispute, several telephone calls were placed by the
Defendant's agent to the Plaintiffs residence.

24.  That Defendant's agents left messages on the answering machine of the Plaintiff and failed to advise that they were calling from a debt collection agency.

25.  That in addition to failing to advise that the telephone communication were from debt collectors, the agent named Bernard Richardson called and unlawfully disclosed the status of the Plaintiff's debt to his wife, Noreen Sergent, in an effort to harass and humiliate the Plaintiff and compel payment of disputed debt under duress and coercion.

26.  That on or about April 18, 2008, Defendant's agent called the residence of the Plaintiff, Jerry Sergent, and when Noreen Sergent answered the phone, Defendants agent was advised that he should "speak to Jerry" about this, yet the Defendants agent persisted in his effort to keep Noreen on the phone and convince her to make pay.

27.  That Defendants agent further threatened that "they will go to Court and get the money from where he [plaintiff] works"and threatened to "take the house" and further persisted with plaintiff's wife, insisting that she borrow money from relatives in order to help pay the alleged debt.

28.  That Defendant's agents persisted in attempting to compel payment by Plaintiff's wife, unlawfully disclosing the plaintiff's debt status and falsely threatening her, despite her efforts to advise the Defendant's agent that she has nothing to do with the debt and that they need to speak to her husband, the Plaintiff herein.

29.  That on or about April 19, 2008 one agent of the Defendant called and represented himself to be Mr. Larney falsely threatening that "papers were filed" and continued to attempt to collect on the debt, whereby the Plaintiff disputed the debt orally and requested documentary information supporting the alleged debt claim.

30.  That several calls continued from the period of April 18, 2008 through approximately June of 2008, without regard for plaintiff's dispute and failing to identify the callers as debt collectors.

31.  That the collection letters are sent automatically and without regard for any consumer dispute or communication regarding the debt, but rather for the mere purpose of

harassing a consumer in attempt to collect a disputed debt by means of coercion and duress.

32.     That said letters alone and/or together contain language demonstrating false statements and deceptive representations, unlawful threats, and misleading and overshadowing language which contradicts the consumers rights.

33.     That the defendant intentionally and knowingly causes these false, misleading and threatening letters on a mass scale by computer generated system for sole purpose of harassing consumers and coercing payment and collecting on "bad" debts or non-verifiable debts.

34.     That Defendants telephone communications are made without regard to any dispute by the consumer and are regularly placed by Defendant's agents in an effort to compel payment of disputed debts by means of coercion and duress.

25.     Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections(c), (d), (g), (e), and (f) in that the representations made by the defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law and unlawfully disclose the consumers debt to third parties.

36.     That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages to the individual plaintiff, costs and attorney's fees.

## CLASS ALLEGATIONS

37.    The first cause of action is brought on behalf of plaintiff and the members of a class.

38.    The class consists of consumers who received the same telephone messages failing to advise the consumer that the calls were from a debt collector and the same form letters, as did the plaintiff.

39.    The Class consists of all persons whom Defendant's records reflect resided in the United States of America and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form and sequence as the letters sent to the plaintiff on or about April 17,2008, April 19, 2008 and May 19, 2008, (b) the collection letters were sent to consumers seeking payment of a consumer debt; and (c) the collection letters were not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e by engaging in false threats deceptive practices, 1692g for contradicting and confusing the consumer as to his/her rights and 1692f for conducting unfair practices in attempt to collect a debt by means of duress and coercion, (e) and who received telephone calls violating 15 U.S.C. § 1692e in that they contain false threats and fail to advise the consumer that the call is from a debt collector.

40.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A)    Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed and computer generated form letters, the class is so numerous that joinder of all members is impracticable.

(B)        There are questions of law and fact common to the class and these questions

predominate over any questions affecting only individual class members. The principal

question presented by this claim is whether the Defendant violated the FDCPA by failing

to follow appropriate procedures.

(C)        The only individual issue is the identification of the consumers who received the

letters, (*i.e.* the class members), a matter capable of ministerial determination from the

records of Defendant.

(D)        The claims of the plaintiff are typical of those of the class members. All are based

on the same facts and legal theories.

(E)        The plaintiff will fairly and adequately represent the class members' interests.

The plaintiff has retained counsel experienced in bringing class actions and collection-

abuse claims. The plaintiff's interests are consistent with those of the members of the

class.

41.    A class action is superior for the fair and efficient adjudication of the class members'

claims. Congress specifically envisions class actions as a principal means of enforcing

the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated

individuals, whose rights will not be vindicated in the absence of a class action.

Prosecution of separate actions by individual members of the classes would create the

risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

42.    If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

43.    Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

44.    Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:(g), (e), (d)and (f)

    (a)    Defendant violated 15 U.S.C. § 1692f by employing unfair tactics in attempt to collect a debt;

    (b)    Defendant violated 15 U.S.C. § 1692e by using false representations and deceptive means in an attempt to collect a debt;

    (c)    Defendant violated 15 U.S.C. § 1692g by contradicting and overshadowing plaintiff's rights;

    (d)    Defendant violated 15 U.S.C. § 1692d by harassing the consumer;

    (e)    Defendant violated 15 U.S.C. § 1692c by disclosing the disclosing the plaintiffs debt to third parties and defaming the plaintiff;

**WHEREFORE,** plaintiff respectfully prays that judgment be entered against defendant in the amount of:

    (a)    Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the fist cause of action.

    (b)    Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the second cause of action.

(c)      Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount

to be determined at the time of trial on behalf of the class on the second cause of

action.

(d)      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e)       For such other and further relief as may be just and proper.


Dated: New York, New York
        June 18, 2008


_____
Amir J. Goldstein, Esq. (AG-2888)
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(212) 941- 8566 fax


Plaintiff requests trial by jury on all issues so triable.


_____
Amir J. Goldstein  (AG-2888)